**BOARD OF EDUCATION OF INDIAN HILL EXEMPTED VILLAGE SCHOOL DISTRICT, Appellee, v. BOARD OF EDUCATION OF HAMILTON COUNTY et al., Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 7560.   Decided April 28, 1952.

546

Robert L. Black, Jr., Cincinnati, for appellee.

George Metzger, James E. Kimpel, Cincinnati, for Board of Education of Hamilton County.

Frank E. Ferris, II, Cincinnati, for Board of Education of Sycamore Local School District.

## OPINION

By THE COURT:

An examination of the pleadings and evidence causes this Court to conclude that the same decree entered in the Common Pleas Court should be entered in this Court as its decree in this appeal upon questions of law and fact from the decree of such trial court.

After reading the opinion of the trial court, it is also the conclusion of this Court that should an opinion be written in this cause, such opinion would constitute largely a mere iteration of the reasoning of the trial court and the conclusions reached by such trial court, stated in the opinion of Weber, J.

It may also be added that although the provisions of §4830-7 GC, may be considered as containing mandatory requirements as a precedent to actual consummation of a change of status from a local to an exempted school district (which, however, we do not decide) the evidence in this case is such that this Court would unhesitatingly not only require the Superintendent of Public Instruction to act upon the validity of the district census, but would, in proper proceedings, require such action to be an approval of the census.

The Chancellor when he has before him all necessary interested parties, and full jurisdiction over the subject-matter of the suit, will not permit mere subterfuge to thwart the manifest demands of equity and justice.

We also take notice of defendant's contention that the population requirements for an exempted village school district were not met, in that at the time the exemption proceedings were initiated it had not been established legally that Indian Hill Village had a population of 2000 or more. They rely strongly upon the opinion of the Attorney General No. 2310, delivered in 1930, and found in Vol. 2, p. 1428 of the Opinions of Attorney General of that year. It is true that the Attorney General's opinion was that the certificate of a local assistant supervisor of census did not constitute the "last census" or evidence of the "last census" as that phrase was used in §4688 GC, and that a census "in so far as it may show population of municipalities in Ohio is not effectual for that purpose until a proclamation is issued by the Secretary of State. It should be noted in connection with that opinion that it does not appear what the actual population of the Village was. Nor does it appear that the official announcement of the census had been made at the time the Attorney General rendered his opinion and, therefore, no question of relation back was presented.

It should also be noted that the Attorney General was considering which of two censuses should control. In the case at bar there is only one census. The 1950 census is the last census applicable or there is no census, as Indian Hill was not in existence when any other census was taken. Under such circumstances, how can it be said to come within the spirit of a law to which compliance would be impossible?

We are also of the opinion that the reasoning in **State, ex rel., Mack v. Guckenberger, 139 Oh St, 273**, subsequently decided, and the Attorney General's Opinion (No. 2611) of 1950, page 808, lead to a different conclusion.

It is true that by §3498 GC, municipalities are classified as villages or cities, dependent upon population, as determined by the Federal census effective 30 days after the proclamation thereof by the Secretary of State. This test, however, is limited to a determination of the form of municipal government. There is no statute fixing that test for all purposes.

In the Mack v. Guckenberger case and the opinion of the Attorney General of 1950, effect was given to the census before it was officially announced. No proclamation of the Secretary of State had been issued at the time the demand for increased compensation was made and allowed.

The opinion of the Attorney General of 1950 deals with the specific question of whether the census became operative in the fixing of compensation of common pleas judges. The second paragraph of the syllabus of that opinion is:

548

"Computation and payment of the salary of a judge of the Court of Common Pleas may be made based on the 1950 census from and after April 1st, 1950, before any official report is made by the Secretary of State."

In the case at bar the record shows that the population of Indian Hill Village was more than 2000 according to the 1950 federal census, and that it had been so officially declared before the commencement of this action, whereas, the Attorney General's opinion of 1950 was predicated upon the fact that only preliminary figures of the census had been released.

A decree may be presented in conformity to this opinion.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.